IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HITHAM ABUHOURAN           :    CIVIL ACTION
                           :    NO. 07-2465
          Plaintiff,       :
                           :
     v.                    :
                           :
UNITED STATES OF AMERICA,  :
                           :
          Defendant.       :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    FEBRUARY 2, 2009

          Plaintiff Hitham Abuhouran ("Abuhouran"), a pro se
prisoner, brings this claim of negligence against the United
States (the "Government") under the Federal Tort Claims Act, 28
U.S.C. § 1346(b) ("FTCA") for exposing him to excessive amounts
of environmental tobacco smoke ("ETS") while in prison.  Because
Abuhouran fails to raise a genuine issue of material fact
concerning negligence on the part of the Government, the
Government's Renewed Motion for Summary Judgment will be granted.

I.   BACKGROUND

     A.   Facts

          The following facts are taken from the complaint,
accepted as true, and are viewed in the light most favorable to
the plaintiff.  Abuhouran was an inmate at Federal Detention
Center ("FDC") Philadelphia from July 2, 2002 until February 4,
2004.  He alleges that he was injured as a result of an

"inadequate" ventilation system at FDC Philadelphia.  (Compl. ¶ 60.)  He claims that upon arrival to FDC Philadelphia, he was placed with a cellmate who smoked 3 to 4 packs of cigarettes every night.  Abuhouran complained and was transferred to another cell.  This new cell, however, leaked when it rained.  He complained again and was transferred this time to a cell occupied by another smoker.  He complained again but this time he was not transferred for several months.

While at FDC Philadelphia, Abuhouran also made requests that the Warden enforce various non-smoking policies which were in place, but these requests were ignored.  According to Abuhouran, FDC Philadelphia was crowded beyond capacity and the ventilation system was inadequate to deal with such a large prison population, particularly in light of the amount of smoking taking place at FDC Philadelphia.

Throughout this period, Abuhouran alleges that he suffered from asthma and that the asthma was aggravated by the smoke.  He also claims that he was retaliated against by prison officials for his complaints, including being placed in administrative segregation.  On February 4, 2004, Abuhouran was transferred back to Federal Correction Institute ("FCI") Elkton, where he had been held before arriving at FDC Philadelphia.

Abuhouran asserts that the Government is liable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), for

its failure to provide a properly ventilated facility while he was incarcerated at FDC Philadelphia thereby exposing him to excessive amounts of environmental tobacco smoke ("ETS").

    B.   <u>Procedural History</u>

       Abuhouran filed the instant action in the Northern District of Ohio alleging claims under the FTCA based on the actions of federal prison officials in Ohio and Pennsylvania. The Northern District of Ohio dismissed all the claims against the Ohio officials based on <u>res judicata</u> from a previous ruling, and against the Pennsylvania officials for failure to exhaust administrative remedies.  The only claim remaining is against the Government and is based on an "inadequate" ventilation system at FDC Philadelphia.

       On June 12, 2007, at the request of the Government, this matter was transferred from the Northern District of Ohio to this court, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a) and "for the convenience of the parties and witnesses."

       The Government concedes Abuhouran has exhausted all of his administrative remedies related to his FTCA claim of "inadequate" ventilation at FDC Philadelphia.  Thus, the motion is ripe for disposition.

II.        SUMMARY JUDGMENT STANDARD

        Summary judgment is proper when "the pleadings, the
discovery and disclosure materials on file, and any affidavits,
show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 5(c).  A fact is "material" if its existence or
non-existence would affect the outcome of the suit under
governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
248 (1986).  An issue of fact is "genuine" when there is
sufficient evidence from which a reasonable jury could find in
favor of the non-moving party regarding the existence of that
fact.  Id. at 248-49.  "In considering the evidence, the court
should draw all reasonable inferences against the moving party."
El v. Se. Pa. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).

        "Although the initial burden is on the summary judgment
movant to show the absence of a genuine issue of material fact,
'the burden on the moving party may be discharged by showing-that
is, pointing out to the district court-that there is an absence
of evidence to support the nonmoving party's case when the
nonmoving party bears the ultimate burden of proof." Conoshenti
v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004)
(quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2
(3d Cir. 2001)).  Once the moving party has thus discharged its
burden, the nonmoving party "may not rely merely on allegations

-4-

or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in [Rule 56]--set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

III.    <u>ABUHOURAN'S CLAIM UNDER THE FTCA</u>

As a threshold matter, the Court must assess Abuhouran's case under the FTCA.  Abuhouran asserts that he was exposed to excessive amounts of ETS due to an alleged "inadequate" ventilation system while he was incarcerated at FDC Philadelphia, and that this exposure caused his respiratory problems.

The Court has subject matter jurisdiction over Abuhouran's negligence claim under the FTCA because the instant action involves a tort claim against the Government.  <u>See</u> 28 U.S.C. § 1346(b)(1) (authorizing "claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment").  Pennsylvania state law applies because that is where the alleged act or omission occurred.  28 U.S.C. § 1346(b)(1).

Generally, the Government cannot be sued for damages unless Congress specifically waives the protections afforded by sovereign immunity.  <u>See generally</u> <u>Ali v. Fed. Bureau of Prisons</u>,

128 S. Ct. 831, 835 (2008). Congress did so with the enactment of the FTCA. See 28 U.S.C. § 1346(b)(1) (granting jurisdiction over tort claims against the Government committed by its employees while acting within the scope of their employment). The FTCA does not, however, provide a blanket license to sue the Government. This waiver of sovereign immunity is conditional and limited and depends upon compliance with certain procedural limitations and exceptions. See 28 U.S.C. 2675(a) (creating an administrative exhaustion requirement); 28 U.S.C. § 2680 (exempting certain types of claims under the FTCA).

A.  Discretionary Function Exception

        At issue here is the applicability of the "discretionary function" exception under the FTCA. This exception precludes the application of the FTCA to any claim "based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The purpose of the discretionary function exception is to avoid "judicial second-guessing of legislative and administrative decisions that are grounded in social, economic, and political policies." Baker v. United States, No. 05-146, 2006 WL 1946877, at *8 (W.D. Pa. July 11, 2006) (citing United States v. Gaubert, 499 U.S. 315, 322-23 (1991)).

-6-

Whether the conduct by a federal agency or an agent of a federal agency is subject to the discretionary function exception depends upon the application of the so called Berkovitz-Gaubert test.[1]  See Gaubert, 499 U.S. at 322-23; see also Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536-39 (1988).  Under this test, the court first asks whether the challenged conduct involves a choice or judgment decision. Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000) (citing Gaubert, 499 U.S. at 322).  If a federal statute, regulation, or policy already describes the conduct, it is not considered discretionary.  Id.  If the conduct is found to require an exercise of choice or judgment, the court then asks whether or not that judgment "is of the kind that the

_____

[1]     The Berkovitz-Gaubert test is derived from two Supreme Court cases evaluating tort claims against the Government.
        In Berkovitz, the Supreme Court utilized a two part test to determine whether the discretionary function exception to the Torts Claim Act barred a suit brought by an individual against the United States for approving production and distribution of the polio vaccine when that individual contracted polio after receiving the vaccine.  See generally 486 U.S. 531. The Court emphasized that the governing principle behind the discretionary function exception was to protect certain government activities from private individual suits.  The application of the exception was determined by examining the nature of the government agency's conduct - whether prescribed or open to judgment - and if open to judgment, whether that judgment is of the kind the discretionary function exception is meant to protect.  Id. at 536-37.
        Subsequently, the Supreme Court in Gaubert used the factors from Berkovitz in the same two part test to determine whether federal regulators negligently supervised directors and day-to-day operations of a savings and loan association.  See generally 499 U.S. 315.

discretionary function exception was designed to shield." Id. (quoting Gaubert, 499 U.S. at 322-23).

In this case, the Bureau of Prisons ("BOP") has a duty to protect inmates from harm. See 18 U.S.C. § 4042(a)(2) - (3). The statute, however, assigns the implementation of measures for safekeeping of the inmates to the discretion of BOP officials. Donaldson v. United States, 281 F. App'x 75, 77 (3d Cir. 2008) (non-precedential). Specifically regarding ETS, federal regulations provide that the warden designate only outdoor smoking areas and "may choose not to designate smoking areas for general use." 28 C.F.R. § 551.162(b)(1) - (2) (2008). This regulation explicitly assigns the exercise of choice or judgment to the warden to designate areas subject to ETS. Brown v. United States Justice Dep't, 271 F. App'x 142, 145 (3d Cir. 2008) (non-precedential). Because in this case the designation of non-smoking areas at FDC Philadelphia is left to the judgment of the warden, the first prong of the Berkovitz-Gaubert test is met.

Next, the court is directed to examine whether the defendant's judgment in this case, i.e., the designation of non-smoking areas, was the kind that the discretionary function is meant to shield. Mitchell, 225 F.3d at 363. The exception protects only those government actions grounded by public policy considerations. Gaubert, 499 U.S. at 323 (citing Berkovitz, 486 U.S. at 537).

-8-

Here, the stated policy consideration for implementing the "No Smoking Areas" in prisons is to provide a "clean air environment and to protect the health and safety of staff and inmates . . . ." 28 C.F.R. § 551.160 (2002). This suggests that the judgment assigned to the warden is of the kind the discretionary function exception is meant to shield. Under these circumstances, the designation of non-smoking areas is left to the judgment of the warden and thus it is intended to be afforded the protection of the discretionary function exception to the FTCA.

While designation of the non-smoking areas, if at all, is a discretionary function, the enforcement of the policy, once made, is not. See Baker, 2006 WL 1946877, at *10; see also Allen v. United States, No. 05-31 Erie, 2006 WL 544292, at *2 (W.D. Pa. Mar. 3, 2006). Federal officials do not enjoy discretion when refusing to enforce a policy once it is adopted.[2] The public policy considerations underlying the discretionary function exception are simply not present when the policy is not enforced. See Gaubert, 499 U.S. at 323; Berkovitz, 486 U.S. at 537. Thus, the court holds that the protection of this discretionary function exception to the FTCA is lost, and no longer applies in

---

[2] Whether the refusal must be willful or simply negligent is an open issue. The court need to not decide the issue given that in this case there is no question that the prison officials knowingly and willfully did not enforce the policy.

cases where a policy is not enforced by the officials charged with its enforcement.[3]

Here, the Government concedes that the policy was not enforced, although it contends that now the staff have taken a more "pro-active stance" in enforcing it.  Given this concession, the court finds that because the prison officials charged with enforcing the policy did not do so, the Government is not entitled to claim the benefit of the discretionary function exception and thus loses its protection.  Under these circumstances, Abuhouran may proceed to the question of whether the prison officials acted negligently in this case.

B.   Negligence Under Pennsylvania Law

To demonstrate a prima facie case for negligence under Pennsylvania law, a plaintiff must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) there is a causal connection between the breach

---

[3]     Allen and Baker reached the same result but in a slightly different analytical route.  There, the courts found that failure to enforce the policy precluded the Government from invoking the discretionary function exemption.  Allen, 2006 WL 544292, at *2; Baker, 2006 WL 1946877, at *10.  By contrast, this Court finds that the inquiry of whether the discretionary function exception is available to cloak certain Government conduct involves two steps.  The initial step focuses on the policy making process, i.e., is it choice or judgment and is it the type of policy designed to be cloaked with protection.  The second step focuses on the conduct of the officials charged with the enforcement of the policy.  In other words, the policy may be entitled to protection, but that protection is lost if either the policy is not enforced or is enforced in an arbitrary manner.

and the resulting injury; and (4) the plaintiff suffered actual loss or damage.  Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998). "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances."  Id. (citing Lanni v. Pa. R.R. Co., 88 A.2d 887, 888 (Pa. 1952)).  The plaintiff has the initial burden of proving by a preponderance of the evidence that the defendant's act or omission deviated from the general standard of care under the circumstances and that the deviation proximately caused actual harm.  Id.

Even if the Court were to conclude the Government owed a duty of care to Abuhouran and breached that duty,[4] Abuhouran's negligence claim fails because he is unable to show a causal connection between exposure to ETS and his alleged injury, and

_____

[4]      The Government's duty of care is governed by 18 U.S.C. § 4042.  See Jones v. United States, 91 F.3d 623, 624 (3d Cir. 1996).  Specifically, the Government is required to "exercise ordinary diligence to keep prisoners safe and free from harm." Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976), cert. denied, 429 U.S. 978 (1976).  It is relatively undisputed that exposure to ETS, or second hand smoke, beyond a certain level, is harmful to human health.  Similarly, the duty of care owed Abuhouran was one of reasonable care and ordinary diligence.  See 18 U.S.C. § 4042; see also 61 P.S. § 408(a)(1) (county prison boards responsible for safekeeping of prisoners); see also Jones, 534 F.2d at 54; Cowart v. United States, 617 F.2d 112, 115-16 (5th Cir. 1980); Williams v. United States, 384 F. Supp. 579, 583 (D.D.C. 1974); Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987).  Therefore, under both federal and Pennsylvania law, FDC Philadelphia owed Abuhouran a duty of care to keep him free from harm and likely breached that duty by choosing not to enforce non-smoking policies.

because he does not show actual injury.

### 1.   Causation

Pennsylvania law requires a causal connection between the breach of duty and the injury claimed.  Martin, 711 A.2d at 461.  The negligent act must be a "substantial factor" in causing the injury.  Rosario v. Bureau of Prisons, No. 1:CV-06-0873, 2007 WL 951468, at *5 (M.D. Pa. Mar. 27, 2007)  (citing Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978)).  Proving causation in medical matters requires expert testimony unless it is so obvious and within ordinary comprehension such that a nonprofessional can identify the lack of care.  Hauman v. Beard, No. 3:05-cv-439-KRG-KAP, 2008 WL 818490, at *3 (W.D. Pa. Mar. 26, 2008).  In the absence of medical evidence to support the fact that an inmate's asthma condition was exacerbated by ETS, causation cannot be proven.  See, e.g., Rosario, 2007 WL 951468, at *5.

Here, Abuhouran's negligence claim fails because he presents neither medical evidence nor expert witnesses to establish a causal connection between his exposure to ETS and his alleged injury.  To the contrary, his medical history records indicate he suffered no lung problems and his paranasal sinuses were clear.  Additionally, Abuhouran cannot substantiate that his ailments, including Diabetes and high blood pressure, were a result of his exposure to ETS.  In any event, there is no evidence in the record that the other ailments he alleges in his

complaint can be specifically traced to ETS exposure.

Finally, Abuhouran also provides no evidence that the ventilation system at FDC Philadelphia was inadequate and that as a result of that inadequacy, he was exposed unreasonably to ETS. Nor can he demonstrate the causal connection between the inadequate ventilation system and his injury.  Under these circumstances, Abuhouran cannot prevail on a claim of negligence under the FTCA without establishing the causal connection between the harm of ETS exposure and the alleged injuries.

2. <u>Actual Injury</u>

Abuhouran cannot point to sufficient evidence from the medical record or otherwise that he has sustained any injury. "[N]o cause of action arises in a personal injury action under Pennsylvania law until there has been an actual injury." <u>Allen</u>, 2006 WL 544292, at *3 (citing <u>Openbrier v. General Mills</u>, 16 A.2d 379, 380 (Pa. 1940)).  If the plaintiff does not suffer actual damage, he does not meet the fourth requirement for demonstrating a prima facie case of negligence under Pennsylvania law and therefore has no cause of action, regardless of whether the defendant is guilty of negligence.  <u>Sisk v. Duffy</u>, 192 A.2d 251, 253 (Pa. 1963); <u>see also</u> <u>Martin</u>, 711 A.2d at 461.  In ETS cases in which the plaintiff alleges specific current and future ailments, the claim must be supported by the medical record.  <u>See</u>

-13-

Baker, 2006 WL 1946877, at *10.  Furthermore, speculative future injuries do not support a negligence tort claim.  Id.

Here, Abuhouran presents no evidence of current injury and therefore cannot sustain a claim for negligence under the FTCA.  Abuhouran's main complaint was that he suffered "the Asthama [sic] sinuses and headaches physical pain and a deterioration in his overall physical condition."  (Compl. ¶ 28.) He also indicates he was diagnosed with asthma, high blood pressure, high cholesterol, Diabetes, sinus, headaches, coughing, swelling in the ankles, and poor circulation heart arrhythmia. (Id. ¶ 42.)  However, medical records indicate he had "normal paranasal sinuses."  (Ex. G, Pl.'s Opp'n to Gov't's Renewed Mot. Summ. J.)  In fact, on six separate occasions from 2001 to 2007, chest x-rays and radiographs indicated Abuhouran had clear lungs and normal heart size.  (Ex. E, Def.'s Renewed Mot. Summ. J.) Additionally, on two occasions, Abuhouran himself did not indicate he had asthma or heart problems on his medical history records.[5]  (Id.)

Abuhouran fails to raise a genuine issue of material fact that inadequate ventilation led to ETS exposure, which was the causal connection for his injuries.  For these reasons,

---

[5]     Abuhouran's medical records do indicate his diagnosis with Diabetes and treatment for skin rashes.  (Ex. E, Def.'s Renewed Mot. Summ. J.)

Abuhouran's negligence claim under the FTCA fails.

V.    <u>CONCLUSION</u>

      For the reasons stated above, Defendant's Renewed Motion for Summary Judgment shall be granted.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HITHAM ABUHOURAN,               :       CIVIL ACTION
                                :       NO. 07-2465
                Plaintiff,      :
                                :
        v.                      :
                                :
UNITED STATES OF AMERICA,       :
                                :
                Defendant.      :

## <u>O R D E R</u>

**AND NOW**, this **2nd** day of **February 2009**, it is hereby
**ORDERED** that, for the reasons set forth in the accompanying
memorandum, the Defendant's renewed motion for summary judgment
(doc. no. 46) is hereby **GRANTED**.


        **AND IT IS SO ORDERED.**



                        /s/ Eduardo C. Robreno
                        **EDUARDO C. ROBRENO, J**





-16-